# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Jerry Kropf,<br><br>        Plaintiff,<br>v.<br><br>CACH, LLC, and Enerson Law, LLC,<br><br>        Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred in this District, Plaintiff resides in this District, and Defendants transact business in this District.

## PARTIES

4. Plaintiff, Jerry Kropf, is a natural person who resides in the County of Kent, State of Michigan.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6. Defendant CACH, LLC ("CACH") is a foreign limited liability company.

7. Defendant CACH regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. Defendant CACH is in the business of purchasing consumer debt portfolios and seeking to collect the associated debts from consumers.

9. Defendant CACH is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant CACH is not licensed by the State of Michigan to collect consumer debt in Michigan.

11. Defendant CACH uses one or more instrumentality of interstate commerce, or the mails, for which the principal purpose is the collection of debts.

12. Defendant Enerson Law, LLC, ("Enerson") is a foreign limited liability company, with a principal place of business being at 250 Bishops Way, Brookfield, Wisconsin.

13. Defendant Enerson uses one or more instrumentality of interstate commerce, or the mails, for which the principal purpose is the collection of debts.

14. Defendant Enerson regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. Defendant Enerson is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Sometime prior to June 1, 2012, Plaintiff incurred a financial obligation with World's Foremost Bank primarily for personal, family, or household purposes (the "Debt).

17. Sometime prior to May of 2014, Plaintiff defaulted on his obligation to the original creditor.

18. Plaintiff's obligation is a "debt" as that term is defined by the FDCPA.

19. After Plaintiff defaulted on the Debt, the account was transferred, placed, moved, conveyed, sold, or otherwise assigned to Defendant CACH for collection.

20. At all relevant times, Defendant Enerson and its employees and agents have acted on behalf of, and for the benefit of, Defendant CACH.

21. Defendant Enerson sent Plaintiff a letter dated October 12, 2015. The letter indicated that its "client" was "CACH, LLC" and was signed "Yours truly, ENERSON LAW, LLC."

22. Defendant Enerson is not licensed by the State of Michigan to collect consumer debt in Michigan.

23. Defendant Enerson is not authorized by the Michigan Department of Licensing and Regulatory Affairs to conduct business in Michigan.

24. Enerson Law, LLC, is not authorized by the Michigan Department of Licensing and Regulatory Affairs to conduct business in Michigan.

25. Defendant Enerson's letter to Plaintiff, dated October 12, 2015, indicated an "Account Balance: $8,143.04."

26. Defendant Enerson sent Plaintiff a letter dated November 5, 2015. The letter indicated that its "client" was "CACH, LLC" and was signed "Yours truly, ENERSON LAW, LLC."

27. Defendant Enerson's letter to Plaintiff, dated November 5, 2015, indicated an "Account Balance: $8,143.04."

28. On or about December 2, 2015, Defendant CACH filed a civil action (the "63rd Suit") against Plaintiff in the 63rd Judicial District Court for the State of Michigan.

29. Defendant CACH's Complaint, signed by its counsel on November 11, 2015, and later filed with the 63rd Judicial District Court sought a Judgment in the amount of $8,208.04.

30. Upon information and belief, within one year of the filling of this Complaint, Defendant CACH provided information to TransUnion and Equifax indicating that Plaintiff's balance to CACH was "$8273."

31. Defendant Enerson informed Plaintiff's wife that Plaintiff owed $8,258.04, as of January 19. 2016.

32. Defendant Enerson sent a letter dated January 27, 2016, regarding Plaintiff's account, and stated that Plaintiff had a "current balance" of "8,258.04."

33. Defendant Enerson's letter dated January 27, 2016, was signed "Yours truly, ENERSON LAW, LLC."

34. Defendant Enerson enclosed a return envelope with a prepaid postage marking with its letter dated January 27, 2016. The prepaid postage indicated: "ZIP 53005." The prepaid return envelope was address to "RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLC."

35. Rausch, Sturm, Israel, Enerson & Hornik, LLC, is not authorized by the Michigan Department of Licensing and Regulatory Affairs to conduct business in Michigan.

36. At no point in time did Plaintiff owe Defendant CACH $8,208.04.

37. At no point in time did Plaintiff owe Defendant CACH $8,258.04.

38. At no point in time did Plaintiff owe Defendant CACH $8,273.

39. The 63rd Judicial District Court did not find that Defendant CACH was entitled to court costs or service fees.

40. As a direct, actual, and proximate result of the acts and omissions of each Defendant, Plaintiff has suffered actual damages in the form of lost wages, lost productivity, confusion, frustration, and anger amongst other negative emotions.

41. Plaintiff has suffered an injury in fact that is traceable to Defendant Enerson's conduct that is likely to be redressed by a favorable decision in this matter.

42. Plaintiff has suffered an injury in fact that is traceable to Defendant CACH's conduct that is likely to be redressed by a favorable decision in this matter.

### TRIAL BY JURY

43. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT I.
### DEFENDANT CACH'S VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

46. Defendant CACH violated 15 U.S.C. § 1692d.

47. Defendant CACH violated 15 U.S.C. § 1692e.

48. Defendant CACH violated 15 U.S.C. § 1692e(2)(A).

49. Defendant CACH violated 15 U.S.C. § 1692e(5).

50. Defendant CACH violated 15 U.S.C. § 1692e(10).

51. Defendant CACH violated 15 U.S.C. § 1692f.

52. Defendant CACH violated 15 U.S.C. § 1692f(1).

53. As a result of Defendant CACH's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.
## DEFENDANT ENERSON'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions of Defendant Enerson and their agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

56. Defendant Enerson violated 15 U.S.C. § 1692d.

57. Defendant Enerson violated 15 U.S.C. § 1692e.

58. Defendant Enerson violated 15 U.S.C. § 1692e(2)(A).

59. Defendant Enerson violated 15 U.S.C. § 1692e(3).

60. Defendant Enerson violated 15 U.S.C. § 1692e(5).

61. Defendant Enerson violated 15 U.S.C. § 1692e(10).

62. Defendant Enerson violated 15 U.S.C. § 1692e(14).

63. Defendant Enerson violated 15 U.S.C. § 1692f.

64. Defendant Enerson violated 15 U.S.C. § 1692f(1).

65. As a result of Defendant Enerson's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants as follows:

**COUNT I.**
**DEFENDANT CACH'S VIOLATIONS OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692** *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant CACH and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant CACH and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant CACH and for Plaintiff.

## COUNT II.
## DEFENDANT ENERSON'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq*.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Enerson and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant Enerson and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Enerson and for Plaintiff.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | GOLDEN LAW OFFICES, P.C. |
| Dated: January 9, 2017 |  |
|  | /s/ B. Thomas Golden<br>B. Thomas Golden (P70822)<br>Attorney for the Plaintiff<br>2186 West Main Street<br>P.O. Box 9<br>Lowell, Michigan 49331<br>Telephone: (616) 897-2900<br>Facsimile: (616) 897-2907<br>btg@bthomasgolden.com |